JjPICKETT, Judge.
FACTS
Brock J. Dore was an employee of Corey Freeman, who contracted with Jim Walter Homes, Inc., to construct homes. On or about June 28, 1999, while in the course of building a home under such contract, Mr. Dore allegedly injured his neck and left shoulder when he attempted to throw a piece of plywood over his head. Immediately following the accident, Mr. Dore went to the emergency room at Iberia Medical Center where he was initially diagnosed with a cervical strain. He was treated and released. At the request of his employer, Mr. Dore saw Dr. Comeaux, the company doctor, who advised him that he could return to light duty and to take Aleve for pain. Next, Mr. Dore went to his physician of choice, Dr. G.D. Sagrera, who advised Mr. Dore that he should not return to work for three weeks, gave him a *810 shot of cortisone, and recommended heat, ice, physical therapy and medication. Mr. Dore returned to work sometime in August of 1999 until September of 1999, when he claims that the pain became unbearable and he could not continue to work.
At the recommendation of Dr. Sagrera, Mr. Dore saw Dr. John E. Cobb, an orthopedic surgeon, who had previously treated him for injuries sustained in an automobile accident in June 1992. On November 8, 1999, Mr. Dore saw Dr. Cobb. His chief complaints were neck and left shoulder pain. Dr. Cobb’s recommendations were for a Cervical MRI and he prescribed Lor-tab and Vioxx. Dr, Cobb referred the employee to Dr. Daniel L. Hodges for an EMG/NCV of his upper extremities. Mr. Dore followed up with Dr. Cobb on several occasions, including to have a MRI performed on his left shoulder and cervical spine. The MRI of his shoulder was normal, and the exam of his spine revealed a small left lateral focal disc herniation Pat C5-6 and a minimal left lateral disc bulge at C6-7. However, the employer disputed these results and the allegation that surgery was required.
Therefore, at the request of the Office of Workers’ Compensation, on February 23, 2000, Mr. Dore was seen by Dr. G. Gregory Gidman, an orthopedic surgeon, for a second medical opinion. His chief complaint was neck pain and left shoulder pain. Dr. Gidman issued a report of his evaluation of the employee wherein he noted a negative medical and surgical history. Dr. Gidman recommended that prior to any definitive surgical procedures, the employee needed a complete work-up to include a cervical myelogram and CT scan and EMG/NCV studies of the left upper extremity. Mr. Dore refused to have the myelogram and CT scan that Dr. Gidman recommended. In his progress report dated June 28, 2000, Dr. Cobb noted that, “we have sufficient evidence to recommend the surgery on his neck without the myelo-gram and CT scan. I will again recommend that he have an anterior cervical discectomy and fusion at C5-6 and C6-7 on the left side, as soon as possible.”
On October 10, 2000, Dr. Clark A. Gun-derson, an orthopedic surgeon, performed an independent medical examination and evaluation on Mr. Dore. He continued to complain of neck and left shoulder problems. Dr. Gunderson issued a report on the results of the IME. The report included the employee’s past and present medical history, but noted he had no previous history of injury to his neck. Dr. Gunder-son’s report indicated that Mr. Dore had a small left lateral disc bulge at C5-6, and recommended physical therapy and other conservative treatment. Further, Dr. Gunderson felt that a cervical epidural steroid injection may be beneficial. He concluded that if these measures did not improve the employee’s condition, then he |smay be a candidate for a surgical procedure. Mr. Dore allegedly still suffers from neck pain.
Since the date of the accident, the employer’s insurer, Lumbermen’s Underwriting Alliance, paid workers’ compensation benefits at a rate of $213.34 and medical bills to or on behalf of the employee. On October 25, 2000, the employer filed a Disputed Claim For Compensation, seeking forfeiture of benefits and restitution pursuant to La.R.S. 23:1208, on the ground that the employee willfully made a false statement or representation to the healthcare providers who saw him following the accident concerning his past medical history. The employee’s past medical history includes three prior accidents that resulted in injuries to the employee’s back, neck and left shoulder. The insurer, however, continued to pay benefits to the employee through the date of trial.
*811 On April 30, 2001, a trial on the merits was held in this matter. As of the date of trial, the insurer had paid the employee benefits and medicals bills in the amount of $29,989.22. The following issues were litigated: 1) whether or not the defendant/employee, Brock J. Dore, is entitled to any indemnity and/or medical benefits under the Louisiana Workers’ Compensation Act, and 2) whether or not the defendant/employee, Brock J. Dore, violated Section 1208 of the Louisiana Workers’ Compensation Act thereby forfeiting his entitlement to benefits under the Act and entitling the claimants to restitution for amounts paid in indemnity, medicals, mileage, attorney’s fees and costs.
After considering the law, exhibits and arguments of counsel in this matter, the court rendered judgment in favor of the claimants, Jim Walter Homes, Inc., and Lumbermen’s Underwriting Alliance. It is from this judgment that Mr. Dore appeals.
I ¿DISCUSSION
The appellant argues two assignments of error:
1) The trial court committed manifest error and was clearly wrong in finding that Brock Dore violated La.R.S. 23:1208 thereby forfeiting all workers’ compensation benefits.
2) The trial court erred in the amount of restitution ordered to be paid by Brock Dore to Jim Walter Homes.
Whether the appellant forfeited his right to workers’ compensation benefits by willfully making a false statement for the purpose of obtaining benefits is a question of fact, which appellate courts shall not reverse on appeal, absent manifest error. Ledet v. Burger King/Sydran, 99-1380 (La.App. 3 Cir. 4/26/00); 763 So.2d 27, writ denied, 00-1512 (La.6/30/00); 766 So.2d 546.
A party requesting a remedy under La.R.S. 23:1208, must prove the following requirements: (1) a false statement or representation, (2) made willfully, and (3) for the purpose of obtaining or defeating any benefit or payment.
The trial court ruled that Mr. Dore had violated La.R.S. 23:1208 and, therefore, forfeited his entitlement to benefits under the Louisiana Workers’ Compensation Act. The court filed complete and thorough Reasons For Judgment.
The court found that Mr. Dore had been involved in three prior accidents including 1) an automobile accident on June 3, 1992, 2) a physical altercation with a co-worker on September 9, 1996, and 3) an automobile accident on January 24, 1998. The court determined in each of these accidents Mr. Dore was treated for, among other things, neck, back and left arm or shoulder pain. The court further found, based on the evidence presented at trial, that Mr. Dore failed to disclose these prior accidents to any of the treating or examining physicians and further failed to ]j¡disclose these accidents on his Answers to Interrogatories. The court noted that at trial Mr. Dore failed to offer any credible explanation for his failure to disclose these injuries. The court found on various pre-employment physicals he denied having prior neck or back injuries except on one occasion when he knew he would be drug tested at which time he admitted to taking Lortab for occasional back pain.
The court ultimately concluded Mr. Dore had “displayed a pattern of concealing his prior injuries” and that Mr. Dore was “willing to ‘misrepresent’ his prior accident and injury history when it serves his own self-interests [sic].” The trial court found Mr. Dore had committed a violation of La.R.S. 23:1208 and had forfeited his entitlement to any benefits as a *812 result of the alleged injury on June 28, 1999.
Upon reviewing the record in its entirety we find the trial court’s findings are clearly supported by the record and not manifestly erroneous.
We further find the trial court’s application of the law to be correct and conclude the record supports his finding that Mr. Dore willfully failed to disclose his prior accidents, injuries and settlement claims for the purpose of obtaining workers’ compensation benefits.
We find no error in the trial court’s ruling on this issue, and it is affirmed.
We do, however, find an error in the computation of restitution owed by Mr. Dore to the employer.
La.R.S. 23:1208(D) grants the workers’ compensation judge the authority to order the defendant to make restitution for benefits claimed or payments obtained through fraud up to the time the employer becomes aware of the fraud. The workers’ compensation judge ordered Mr. Dore to pay restitution of $29,989.22 which represents all benefits and medical bills as of the date of trial. The employer, however, was aware of the alleged fraudulent conduct on or before October 25, 2000, |fithe date they filed a Disputed Claim For Compensation seeking forfeiture of benefits and restitution pursuant to La.R.S. 23:1208. Although they continued to pay benefits up until the date of trial, La.R.S. 23:1208(D) provides the appellant can only be ordered to pay restitution of payment made until the employer became aware of the fraudulent conduct. The employer is entitled, therefore, to benefits and payments made from June 28, 1999, through October 25, 2000. We are remanding this matter in order that the workers’ compensation judge may make a proper determination of the amount of restitution due.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
SAUNDERS, J., dissents and assigns reasons.